**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. MARK MCGRATH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MICROSEMI CORPORATION; WHITE ELECTRONIC DESIGNS CORPORATION, DBA Microsemi Power and Electronics Group, <br><br> Defendants-Appellees. | No.   15-17206 <br><br> D.C. No. 2:13-cv-00864-DJH <br><br><br> MEMORANDUM* |
| MARK MCGRATH, ex rel. United States of America, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MICROSEMI CORPORATION; WHITE ELECTRONIC DESIGNS CORPORATION, DBA Microsemi Power and Electronics Group, <br><br> Defendants-Appellees. | No.   15-17478 <br><br> D.C. No. 2:13-cv-00864-DJH |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,[**] Chief District Judge.

Mark McGrath, on behalf of the United States of America, appeals the district court's order dismissing his qui tam complaint under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure and denying leave to amend. We have jurisdiction under 28 U.S.C. § 1291.

McGrath's complaint failed to state a false certification claim under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, because the complaint failed to plead facts plausibly alleging that compliance with the International Traffic in Arms Regulations (ITAR) was material to the Government's decision to pay White Electronic Designs Corporation and Microsemi Corporation (collectively, "Microsemi"). *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002–03 (2016). Moreover, even assuming that the statement "ITAR controlled" on Microsemi's receipts constituted a false representation that

[**] The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

2

Microsemi was in compliance with ITAR, the complaint cannot plead facts sufficient to support an inference that Microsemi knew it had failed to comply with ITAR at the time of the representation because Microsemi's good faith interpretation of the term "disclose" in 22 C.F.R. § 120.17 at that time was reasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007). Because McGrath cannot establish Microsemi's scienter as a matter of law, and has not indicated what facts he could add to the complaint to establish that Microsemi's alleged ITAR violation was material to the Government's payment decision, the district court did not err in denying leave to amend. *See id.*; *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).

Finally, McGrath waived his argument that Microsemi provided the Government worthless products by failing to raise it in his opening brief. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). To the extent McGrath is now raising the modified argument that Microsemi knowingly demanded payment for products that had lost value due to Microsemi's failure to

3

comply with ITAR, such a claim fails for the same reasons as his false certification claim.[1]

**AFFIRMED**.

---

[1] McGrath failed to raise his FCA claim for fraud in the inducement before the district court. We therefore decline to address this issue on appeal. *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985).